The summaries of the Colorado Court of Appeals published opinions
constitute no part of the opinion of the division but have been prepared by
the division for the convenience of the reader. The summaries may not be
cited or relied upon as they are not the official language of the division.
Any discrepancy between the language in the summary and in the opinion
should be resolved in favor of the language in the opinion.

SUMMARY
November 15, 2018

## 2018COA164

**No. 17CA2370, Parental Responsibilities of W.F-L. — Family
Law — Parenting Time — Disputes Concerning Parenting Time
— Uniform Child-custody Jurisdiction and Enforcement Act —
Enforcement of Registered Determination**

In this parenting time dispute, a division of the court of

appeals determines that the district court had subject matter

jurisdiction under the Uniform Child-custody Jurisdiction and

Enforcement Act to enforce parenting time orders issued by a

Georgia court. The division further holds that, under section 14-

13-306(1), C.R.S. 2018, the district court was authorized to register

the Georgia orders and simultaneously begin proceedings to enforce

them. Thus, in addressing the father's parenting time enforcement

request, the district court could consider events that occurred

before he sought to register the Georgia orders in Colorado.

Accordingly, the district court could consider the applicability of the

remedies set forth in section 14-10-129.5, C.R.S. 2018, including modifying an existing parenting time order, requiring make-up parenting time for an aggrieved parent, or requiring the noncomplying parent to pay the other parent's attorney fees.

The division also rejects mother's contention that the appeal should be rejected on grounds of mootness.

COLORADO COURT OF APPEALS      **2018COA164**

Court of Appeals No. 17CA2370
Elbert County District Court No. 16DR30008
Honorable Robert Raymond Lung, Judge

In re the Parental Responsibilities Concerning W.F-L., a Child,

and Concerning Shaun Edward Lee,

Appellant,

and

Suzanne Jean Flagge,

Appellee.

ORDER REVERSED AND CASE
REMANDED WITH DIRECTIONS

Division I
Opinion by JUDGE TAUBMAN
Terry and Fox, JJ., concur

Announced November 15, 2018

Paul Arnold, Guardian Ad Litem

The Bruntz Law Firm, LLC, G. Damon Bruntz, Parker, Colorado, for Appellant

Plog & Stein, P.C., W. Curtis Wiberg, Greenwood Village, Colorado, for Appellee

¶ 1   Shaun Edward Lee (father) appeals the district court's order denying his motion to enforce a Georgia court's order allocating parenting time for his child with Suzanne Jean Flagge (mother). We reverse and remand the case for further proceedings.

## I. Background

¶ 2   The parties were never married but have one child together who was born in 2004. A Georgia court entered a final order in 2011 and a modified parenting plan in 2012 concerning the child. In 2014, mother and the child relocated to Colorado.

¶ 3   In 2016, father petitioned to register the 2012 Georgia parenting plan in Colorado under section 14-13-305, C.R.S. 2018. Mother responded, arguing that both the parenting plan *and* 2011 final order from Georgia needed to be registered in Colorado and co-petitioning to register both orders.

¶ 4   Father then filed a verified motion under section 14-10-129.5, C.R.S. 2018, alleging that mother was not permitting him to exercise his parenting time or contact the child. He requested a hearing and that the district court order additional terms to the parenting plan to ensure mother's compliance and that she pay his costs and attorney fees incurred in bringing the action.

1

¶ 5    Mother opposed father's motion and moved to modify parenting time, arguing that the parties' circumstances had changed such that the Georgia parenting plan no longer served the child's best interests.

¶ 6    At the final orders hearing, the district court entered an order registering the Georgia orders in Colorado and adopted the parties' stipulations for future parenting time.[1]  It further found that it lacked jurisdiction to grant father the enforcement remedies he sought and denied his section 14-10-129.5 motion.

¶ 7    Father's appeal followed.

## II.  Subject Matter Jurisdiction to Enforce the Georgia Orders

¶ 8    Father contends that the district court erred in finding that it lacked subject matter jurisdiction and therefore denying his section 14-10-129.5 motion.  We agree.

### A.  Legal Standards

¶ 9    We review de novo whether the district court had subject matter jurisdiction under the Uniform Child-custody Jurisdiction

[1] The parties stipulated that the district court had jurisdiction to register the Georgia orders in Colorado.  However, they disagreed as to whether the Colorado court had jurisdiction to enforce the prior Georgia orders.

and Enforcement Act (UCCJEA) to enforce the Georgia parenting time orders. *See Brandt v. Brandt*, 2012 CO 3, ¶ 18, 268 P.3d 406, 410.

¶ 10 The UCCJEA governs a Colorado court's enforcement of parental responsibilities orders entered in other states. *In re Marriage of Dedie*, 255 P.3d 1142, 1145-46 (Colo. 2011); *see* Title 14, art. 13, Prefatory Note; §§ 14-13-301 to -314, C.R.S. 2018. A Colorado court shall enforce another state's parental responsibilities orders that are entered in conformity with the UCCJEA. § 14-13-303(1), C.R.S. 2018; *see also* 28 U.S.C. § 1738A(a) (2018) ("The appropriate authorities of every State shall enforce according to its terms . . . any custody determination or visitation determination made . . . by a court of another State.").

¶ 11 Under section 14-13-305(1), a parental responsibilities determination issued by a court of another state may be registered in Colorado, "with or without a simultaneous request for enforcement," by following the steps in the statute. A Colorado court may then "grant any relief normally available under" Colorado law to enforce the registered parental responsibilities determination. § 14-13-306(1), C.R.S. 2018; *see* § 14-13-303(2); *see also* § 14-13-

306 official cmt., C.R.S. 2018 ("A registered child-custody determination can be enforced as if it was a child-custody determination of this State.").

¶ 12     Section 14-10-129.5(1), (2), and (4) permits a court — after a hearing on a parent's verified motion adequately alleging that the other parent is not complying with a parenting time order — to issue one or more of the following orders:

- imposing additional terms and conditions consistent with the existing parenting time order;

- modifying the existing order;

- requiring either parent or both to participate in a parental education program;

- requiring the noncomplying parent to post a bond to ensure future compliance;

- requiring make-up parenting time for the aggrieved parent;

- finding the noncomplying parent in contempt of court and imposing a fine or jail sentence; or

- requiring the noncomplying parent to pay the other parent's attorney fees and costs associated with the action.

4

## B. Analysis

### 1. Mootness

¶ 13    Initially, we reject mother's argument that father's appeal of the denial of his enforcement motion is moot because the district court adopted the parties' stipulations to modify the Georgia parenting time orders.

¶ 14    "An issue is moot when a judgment, if rendered, would have no practical legal effect upon the existing controversy." *In re Marriage of Salby*, 126 P.3d 291, 301 (Colo. App. 2005). We will not render an opinion on the merits of an appeal that has become moot because of subsequent events. *Id.* (finding original parenting time orders moot because they were superseded by later modifying orders such that an appellate decision on the original orders would have no practical legal effect).

¶ 15    Father moved for specific remedies under section 14-10-129.5 after petitioning to register the Georgia orders in Colorado. He asked for make-up parenting time to account for the time he allegedly missed due to mother's actions, that mother attend a parental education program, that she post a bond to ensure her future compliance with parenting time, and that she pay his costs

5

and attorney fees. His requests are not mooted by the modification order. Rather, they remain undecided and could have been ordered in addition to modification. Indeed, the statute contemplates modification as one potential remedy for a parenting time violation *in addition to* other remedies, some of which father requested here. *See* § 14-10-129.5(2)(b), (b.3), (c), (d) & (4).

¶ 16    Because father did not bring an independent action against mother for tortious interference with his parenting time, mother's additional mootness argument that a two-year statute of limitations would apply to such a claim is unpersuasive.

2. Order Denying Father's Section 14-10-129.5 Motion

¶ 17    On registering the Georgia orders, the district court was empowered to grant any enforcement relief normally available under Colorado law as to those orders. *See* § 14-13-306(1); *see also* § 14-13-303(2). This includes section 14-10-129.5 remedies.

¶ 18    Although, as mother argues, section 14-13-306 refers to the court's enforcement of "a registered child-custody determination" from another state, *see also* § 14-13-305(3)(a), nothing in the statute prevents the court from registering the Georgia orders and then simultaneously beginning proceedings to enforce them. To the

contrary, the UCCJEA contemplates "a simultaneous request for enforcement" when a parental responsibilities order from another state is registered in Colorado. § 14-13-305(1). Accordingly, father's enforcement request was not "premature," nor was it "a 'zombie' pleading that was filed but not legally recognized," as mother argues. Rather, after registering the Georgia parenting time orders, to which mother did not object, the district court was then required to evaluate father's concomitant enforcement motion, determine whether his allegations were adequate, and, if so, conduct a hearing and rule on his request for remedies. *See* § 14-10-129.5(1)-(2); *see also* §§ 14-13-303, -306.

¶ 19 Contrary to mother's argument, the district court did not *first* dismiss father's enforcement motion and *then* register the two Georgia orders. Rather, the court's written order and oral rulings reflect the opposite chronology — the court registered the orders before mistakenly concluding that it lacked jurisdiction to address father's section 14-10-129.5 motion. Thus, father was not required to renew his motion after registration as mother suggests.

¶ 20 The court's rationale for concluding that it lacked jurisdiction was that it could not consider a parenting time enforcement request

7

related to events that happened before the parties even sought to register the Georgia orders in Colorado. The court contrasted this circumstance with child support where accumulated arrears from prior years can always be enforced even if they accumulated in another state. It found that when dealing with parenting time, "[it] can't turn back time" and "create [a] forum during a time that [it] didn't have jurisdiction" to enforce a denial of parenting time.

¶ 21    However, looking back to determine whether a parent failed to comply with parenting time and then imposing appropriate sanctions to redress the violation is precisely the remedy that section 14-10-129.5 provides for an aggrieved parent. On registration of the Georgia orders, father was entitled to seek the same remedies *as if those orders had been entered in Colorado*, including section 14-10-129.5's backward-looking remedies. *See* § 14-13-306(1) & official cmt. Accordingly, the court erred in denying his motion.

¶ 22    Mother's argument that such immediate enforcement of an order from another state is only allowed in emergency situations pursuant to section 14-13-308, C.R.S. 2018, is unpersuasive. That statute allows for an immediate hearing and expedited enforcement

of another state's order — *without* registration of the order — if necessary to ensure a child's safety. *See id.* However, Colorado courts still have a duty to enforce another state's orders, and the UCCJEA permits courts, on registering such orders, to enforce them through any remedy available under Colorado law. *See* §§ 14-13-303, -305(1), (3)(a), -306.

¶ 23    We also reject mother's contention that the trial court lacked jurisdiction because section 14-13-305(3)(a) provides that "a registered determination is enforceable as of the date of the registration in the same manner as a determination issued by a court of this state." If this provision were interpreted as mother suggests, it would eviscerate the meaning of section 14-13-306(1), discussed above, which provides that a Colorado court "may grant any relief normally available under [Colorado law] to enforce a registered child-custody determination made by a court of another state."

### III.  Conclusion

¶ 24    The order is reversed, and the case is remanded for the district court to address father's section 14-10-129.5 motion and, if

appropriate, set a hearing to determine his request for sanctions, including attorney fees and costs under section 14-10-129.5(4).

¶ 25    The provisions of the court's order adopting the parties' stipulations to modify parenting time were not appealed and thus remain undisturbed.

JUDGE TERRY and JUDGE FOX concur.